The People of the State of New York, 
against
Jovanni Cecilio, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lisa A. Sokoloff, J., at plea, Tamiko A. Amaker, J., at sentencing, Alexander M. Tisch, J., at resentencing), rendered December 12, 2014, convicting him, upon his plea of guilty, of driving while intoxicated and unlicensed driving, and imposing sentence.




Per Curiam.
Judgment of conviction (Lisa A. Sokoloff, J., at plea, Tamiko A. Amaker, J., at sentencing, Alexander M. Tisch, J., at resentencing), rendered December 12, 2014, dismissed, as moot.
Defendant pleaded guilty to driving while intoxicated (see Vehicle and Traffic Law § 1192[2]) and unlicensed driving (see Vehicle and Traffic Law § 509[1]), and was sentenced to a conditional discharge, requiring, inter alia, installation of an ignition interlock device for one year. Defendant subsequently admitted to violating the terms of the conditional discharge and waived a hearing on the issue (see CPL 410.70[1]; People v McDevitt, 97 AD3d 1039, 1040 [2012], lv denied 20 NY3d 987 [2012]), and, as a result, was resentenced to a one-year extension of the ignition interlock device requirement.
On appeal, defendant contends that he was improperly resentenced for violating the conditional discharge because the original sentencing court neither pronounced a sentence of a conditional discharge nor specifically stated how long he had to comply with the ignition interlock device requirement. However, inasmuch as defendant has served the resentence imposed, his appeal has been rendered moot (see People v Baker, 100 AD3d 1154, 1155 [2012]; People v Contrano, 274 AD2d 760 [2000]).
Were we not to dismiss the appeal as moot, we would affirm. The resentencing was based upon defendant's admission that he violated the conditional discharge and hearing waiver (see People v McMillan, 166 AD3d 1231, 1232 [2018]), which admission and waiver are not now challenged. In any event, defendant's contention that he was not informed of the conditional discharge is without merit, since he executed a written acknowledgment of the terms and duration of the conditional discharge at the original sentencing (see CPL 410.10).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: November 15, 2019